Electronically FILED by Superior Court of California, County of Los Angeles on 03/15/2023 04:43 PM David W. Slayton, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
23STCV05787

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation, and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHAWN TATEVOSIAN, an Individual.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>111 North Hill St., Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>23STCV05787 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edgar Martirosyan, Esq., MARTIROSYAN, P.C., 601 South Glenoaks Blvd., Suite 201, Burbank, CA 91502, (818) 528-8700

| DATE:<br>*(Fecha)* 03/15/2023 | David W. Slayton, Executive Officer/Clerk of Court<br>Clerk,<br>*(Secretario)* | N. Alvarez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* State Farm General Insurance Company, an Illinois Corporation
   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)      [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 03/15/2023 04:43 PM David W. Slayton, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
23STCV05787
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Theresa Traber

1  Edgar Martirosyan (SBN 260250)
   em@mpclegal.com
2  Melkon Torosyan (SBN 327868)
   mt@mpclegal.com
3  **MARTIROSYAN, P.C.**
5  601 S. Glenoaks Blvd., Suite 201
   Burbank, CA 91502
6  Tel:   (818) 528-8700
7  Fax:   (818) 528-8704

8  Attorneys for Plaintiff,
   SHAWN TATEVOSIAN
9

10       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11       **LOS ANGELES COUNTY – STANLEY MOSK COURTHOUSE**

| | |
|---|---|
| 12  SHAWN TATEVOSIAN, an Individual; | CASE NO.:   23STCV05787 |
| 13          Plaintiff, | **COMPLAINT DAMAGES** |
| 14          vs. | 1)  **BREACH OF THE INSURANCE CONTRACT;** |
| 15 | 2)  **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;** |
| 16  STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation, and | |
| 17  DOES 1 through 50, inclusive. | 3)  **VIOLATIONS OF CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*; AND** |
| 18          Defendants. | 4)  **UNJUST ENRICHMENT.** |
| 19 | **DEMAND FOR JURY TRIAL** |

20

21       NOW COMES Plaintiff SHAWN TATEVOSIAN (hereinafter, "PLAINTIFF"), by and

22  through his undersigned counsel, and for his Complaint against Defendant STATE FARM

23  GENERAL INSURANCE COMPANY (hereinafter "STATE FARM" or "DEFENDANT"), and

24  DOES 1 – 50, inclusive, and alleges as follows:

25                    **JURISDICTION AND VENUE**

26       1.      The Court has personal jurisdiction over DEFENDANT because it is a resident of

27  and/or does business in the State of California, County of Los Angeles.

28       2.      Venue is proper in this county in accordance with Section 395(a) of California

---

1

**COMPLAINT FOR DAMAGES**

1  Code of Civil Procedure because DEFENDANT resides and/or maintains offices and transacts

2  business within Los Angeles County, because DEFENDANT'S obligations and liabilities arise

3  therein, and because the agreement that is the subject of this action was executed by PLAINTIFF

5  and his claims/damages alleged herein occurred and/or arose in Los Angeles County.

6                                    **THE PARTIES**

7         3.      PLAINTIFF is, and at all relevant times was, a resident of the State of California.

8  At all times herein mentioned, the acts and conduct complained of against DEFENDANT and

9  Does 1 through 50, and each of them, resulting in damages to PLAINTIFF transpired and occurred

10 in the County of Los Angeles, State of California.

11        4.      Defendant STATE FARM and DOES 1 through 50, inclusive, are, and at all times

12 mentioned herein were, corporations or business entities licensed to do and doing business as

13 insurance companies in all of the Counties of the State of California.  Among other things, said

14 DEFENDANTS issued insurance policies, established practices and procedures for the handling

15 of claims, investigated and handled claims arising under insurance policies, employed attorneys

16 with respect to claims arising under insurance policies issued by said DEFENDANT and issued,

17 among other policies of insurance, those dealing with homes or residential properties with such

18 provisions as, among other things, property coverage on behalf of its insureds, including

19 PLAINTIFF.

20        5.      PLAINTIFF does not know the true names or legal capacities of the Defendants

21 sued herein as Does 1 through 50, inclusive, and therefore sues said Defendants by such fictitious

22 names.  PLAINTIFF is informed and believes, and thereupon alleges, that each of the Defendants

23 designated herein as a Doe is legally responsible in some manner for breach of contract and/or

24 breach of the implied covenant of good faith and fair dealing or, in some other actionable manner,

25 for the events and happenings hereinafter referred to, as well as were tortuously responsible in

26 some manner for illegally causing the injuries and damages to PLAINTIFF as hereinafter alleged,

27 including, but not limited to, tortious liability based upon the laws of general negligence,

28 professional negligence, products liability, volunteer liability and any other statutory and common

1  law tort liability giving rise to third-party standing on the part of PLAINTIFF. PLAINTIFF will

2  seek leave of Court to amend his Complaint to insert the true names and/or capacities of such

3  fictitiously named Defendants when the same has been ascertained.

5        6.     PLAINTIFF is informed and believes, and thereupon alleges, that each of the

6  Defendants, whether specifically named or designated herein as a Doe, were the agents,

7  representatives, servants, employees, principals, joint-venturers, co-conspirators, management

8  companies and/or representatives of each of the remaining co-Defendants and, in doing the acts

9  hereinafter alleged, were acting within the course and scope of said agency, employment, joint-

10  venture, conspiracy, re-insurance agreement, coinsurance agreement, management company

11  agreement and/or service with the approval, knowledge, authority, acquiescence and/or

12  ratification of each of the remaining Defendants.

13        7.     All of the acts and conduct herein and below described of each and every corporate

14  Defendant was duly authorized, ordered and directed by the respective and collective Defendant

15  corporate employers, and the officers and management-level employees of said corporate

16  employers. In addition thereto, said corporate employers participated in the aforementioned acts

17  and conduct of their said employees, agents and representatives, and each of them; and upon

18  completion of the aforesaid acts and conduct of said corporate employees, agents and

19  representatives, the Defendant corporations, collectively and respectively, ratified, accepted the

20  benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of

21  the said acts and conduct of the aforementioned corporate employees, agents and representatives.

22  **<u>GENERAL ALLEGATIONS</u>**

23        8.     Prior to September 14, 2021, Defendant STATE FARM GENERAL

24  INSURANCE COMPANY and Does 1 through 50, inclusive, issued to PLAINTIFF a California

25  Homeowners Policy (hereinafter referred to as "HOMEOWNERS POLICY" or

26  "HOMEOWNERS POLICY AGREEMENT") wherein DEFENDANT agreed to insure

27  PLAINTIFF in accordance with the terms and conditions of the policy in return for payment of

28  all premiums. Said HOMEOWNERS POLICY was entered into while PLAINTIFF was a

**COMPLAINT FOR DAMAGES**

1    resident of the State of California.

2        9.     PLAINTIFF'S HOMEOWNERS POLICY provided that DEFENDANT would

3    insure PLAINTIFF against a covered occurrence to his dwelling and property therein up to the

5    applicable policy limits. The HOMEOWNERS POLICY AGREEMENT defines Occurrence as

6    "an accident, including an accidental exposure to conditions, which first result in . . . Property

7    Damage . . . during the policy period." The POLICY further defines Dwelling as a "building

8    structure on the residence premises used as the primary residence," and Property Damage to mean

9    "physical damage to or destruction of tangible property, including loss of use of this property."

10       10.     Pursuant to the HOMEOWNERS POLICY AGREEMENT, in the event of a

11    covered loss, DEFENDANT would cover the dwelling, personal property owned or used by

12    PLAINTIFF, and pay for reasonable and necessary increase in living expenses incurred by

13    PLAINTIFF to maintain his normal standard of living for up to twenty-four (24) months, if the

14    dwelling is deemed uninhabitable.

15       11.     On September 14, 2021, while the HOMEOWNERS POLICY was in full force

16    and effect, a water pipe ruptured and flooded PLAINTIFF'S home. The damage was so extensive

17    that DEFENDANT deemed PLAINTIFF'S home uninhabitable.

18       12.     Defendant originally valued the damage to cost $43,010.44. Due to the

19    unreasonably low estimate and overall valuation of the claim by DEFENDANT, PLAINTIFF was

20    forced to hire a contractor to reevaluate the cost and extent of the damages.

21       13.     PLAINTIFF'S expert estimated the damage to cost approximately $153,082.23 –

22    a stark difference from DEFENDANT'S estimate.

23       14.     DEFENDANT hired its own expert to provide an independent estimate, as well.

24    DEFENDANT'S expert estimated the damage to cost approximately $51,475.07.

25       15.     Among other things, both DEFENDANT and DEFENDANT'S expert failed to

26    account for the replacement cost of PLAINTIFF'S custom-made kitchen cabinets as well as the

27    hardwood flooring on the entire second floor, including the stairs leading up to it. The cost to

28    replace PLAINTIFF'S custom-made kitchen cabinets was valued at $67,677.38, however

1    DEFENDANT'S expert valued it at only $7,361.16 -- the cost for prefabricated cabinets.  Absent

2    entirely from DEFENDANT'S estimate was the cost of replacing the hardwood flooring

3    throughout the second floor and stairs.

5         16.    DEFENDANT, DEFENDANT'S expert, and PLAINTIFF'S expert met on-site to

6    discuss the differences between their respective estimates, however DEFENDANT'S adjuster –

7    Mr. Reagan Katz – instructed DEFENDANT'S expert not to discuss anything with PLAINTIFF'S

8    expert.  Thus, PLAINTIFF'S expert was unable to discuss any of the items that were missing

9    and/or inadequately accounted for by DEFENDANT'S expert.  Notably, PLAINTIFF'S expert

10   was unable to demonstrate to DEFENDANT that the new flooring on the first level would not

11   match the existing flooring on the stairs and second level and therefore require replacement in

12   order to preserve uniformity throughout the property.  Although Mr. Katz had agreed to include

13   the second floor and stairs if the flooring could not be matched, he inexplicably refused to discuss

14   it with PLAINTIFF'S expert, even though PLAINTIFF'S contractor had brought a sample of the

15   new flooring to provide Mr. Katz a visual of the differences in the flooring.   Despite multiple

16   requests from PLAINTIFF'S expert, DEFENDANT refused to reconsider its position and Mr.

17   Katz refused to honor his agreement with PLAINTIFF'S expert.

18        17.    DEFENDANT established that it would take 6-8 weeks to complete the necessary

19   repairs to the property, however it failed to account for the period of time it would take for

20   PLAINTIFF'S mortgage company to release the funds to PLAINTIFF.  For nearly two months,

21   PLAINTIFF was unable to begin construction on his house because his mortgage company had

22   not released the funds.  DEFENDANT counted this time against the time it had allotted

23   PLAINTIFF for repairs.

24        18.    The various discrepancies and differences in DEFENDANT'S and PLAINTIFF'S

25   repair estimates resulted in delays, causing PLAINTIFF to incur additional living expenses

26   because his home was deemed uninhabitable, and he was forced to rent a comparable property.

27   Although PLAINTIFF'S HOMEOWNERS POLICY included coverage for additional living

28   expenses for up to twenty-four (24) months, DEFENDANT refused to extend coverage beyond

**COMPLAINT FOR DAMAGES**

1   the time it had estimated for necessary repairs to be completed.

2       19.    To date, PLAINTIFF'S property remains uninhabitable, construction has yet to

3   begin, and Plaintiff continues to incur costs for his additional living expenses, including rent.

4

5       20.    At all relevant times, PLAINTIFF was amenable to, and expressly indicated a

6   willingness to reach an amicable resolution of his property damage claim.  Despite the foregoing,

7   DEFENDANT – to wit, Mr. Katz – refused to engage in a good-faith discussion to resolve the

8   difference between the estimates provided by each party's expert.   By refusing to pay for

9   PLAINTIFF'S insured loss and thereby placing its interest above that of its insureds' interest, or

10  to reconsider its position, DEFENDANTS tortiously breached the HOMEOWNERS POLICY

11  AGREEMENT and the implied covenant of good faith and fair dealing.

12                          **FIRST CAUSE OF ACTION**

13                    **BREACH OF THE INSURANCE CONTRACT**

14                          **(Against All Defendants)**

15      21.    PLAINTIFF re-alleges and incorporates by reference all the preceding paragraphs

16  as though set forth in full herein.

17      22.    At all relevant times herein mentioned, PLAINTIFF and DEFENDANT were in a

18  valid and enforceable insurance policy agreement under which PLAINTIFF paid valuable

19  consideration to DEFENDANT in exchange for coverage for a loss covered under the insurance

20  policy.

21      23.    PLAINTIFF paid DEFENDANT for the covered incident dated September 14,

22  2021.

23      24.    PLAINTIFFS suffered a loss of approximately $153,000 when a pipe ruptured and

24  flooded his property and was forced to incur additional living expenses because his home was

25  deemed uninhabitable, all of which was covered under the HOMEOWNERS POLICY with

26  DEFENDANT.

27      25.    DEFENDANT was notified of the loss as required by the policy.

28      26.    PLAINTIFF, as required under the terms of the HOMEOWNERS POLICY

                                    6
                          **COMPLAINT FOR DAMAGES**

1  AGREEMENT, faithfully performed his duties and all obligations, except to the extent
2  performance may have been excused.

3      27.    DEFENDANT    materially    breached    the    HOMEOWNERS    POLICY
5  AGREEMENT and its contractual obligations by failing to provide adequate coverage for
6  PLAINTIFF'S covered loss dated September 14, 2021.

7      28.    PLAINTIFF has been damaged by DEFENDANT'S breach of the
8  HOMEOWNERS POLICY AGREEMENT, by the fact that he has not been able to repair his
9  property, recover the lost value of his property, and by the fact that he is forced to pay the full
10  cost of his additional living expenses.

11      29.    Because DEFENDANT was aware of the extent of the damage to the property and
12  the fact that it was declared uninhabitable, the damages caused to PLAINTIFF by its breach was
13  reasonably foreseeable to DEFENDANT.  Thus, according to proof, PLAINTIFF is also entitled
14  to recover consequential damages arising from DEFENDANT'S breach.

15      30.    PLAINTIFF is informed and believes that DEFENDANT routinely engage in the
16  practice of breaching its contracts with its policy holders by refusing to pay benefits owed under
17  insurance contracts.

18      31.    As a direct result of DEFENDANT'S wrongful breach of the HOMEOWNERS
19  POLICY, as alleged herein, there is now due and owing from DEFENDANT, and DOES 1
20  through 50, and each of them, the full amount of PLAINTIFF'S losses, subject to proof at trial,
21  and legal interest on the principal amount for the period commencing September 2021 and
22  continuing up through the present time.

23      32.    As a further direct and proximate result of the wrongful breach of the
24  HOMEOWNERS POLICY AGREEMENT by DEFENDANT, DOES 1 through 50, and each of
25  them, as alleged herein, PLAINTIFF has incurred costs and expenses for prosecution of the
26  present action, expert witness fees and attorney fees all in an amount not yet fully ascertained, but
27  to be shown according to proof at trial.
28  / / /

7
**COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**(Against All Defendants)**

33.     PLAINTIFF re-alleges and incorporates by reference all the preceding paragraphs as though set forth in full herein.

34.     In every insurance policy there exists an implied good faith covenant that the insurance company will not do anything to injure the right of the insured to receive the benefit of the policy.  STATE FARM has breached its duty of good faith and fair dealing owed to Plaintiff in the following ways:

a.     Unreasonably, maliciously, oppressively and fraudulently refusing to pay the benefit owed to PLAINTIFF under the policy;

b.     Unreasonably, maliciously, oppressively and fraudulently refusing to engage in a discussion with PLAINTIFF'S expert to determine the proper extent of damages;

c.     Unreasonably, maliciously, oppressively and fraudulently failing to conduct a full and fair claim investigation;

d.     Unreasonably, maliciously, oppressively and fraudulently refusing to cooperate with PLAINTIFFS' expert;

e.     Unreasonably, maliciously, oppressively and fraudulently placing its own interests above that of its insureds;

f.     Unreasonably, maliciously, oppressively and fraudulently forcing PLAINTIFFS to initiate this lawsuit in order to recover its policy benefits;

35.     Based on the above, PLAINTIFF allege that DEFENDANT has committed institutional bad faith that is part of a repeated pattern of unfair practices and not an isolated occurrence. The pattern of unfair practices constitutes a conscious course of wrongful conduct that is firmly grounded in DEFENDANT'S established company policy.

36.     PLAINTIFFS are informed and believe, and thereupon allege that DEFENDANTS breached their duty of good faith and fair dealing owed to PLAINTIFFS by other acts or omissions

**COMPLAINT FOR DAMAGES**

1  of which Plaintiff is presently unaware and which will be proved at time of trial. Based upon these

2  multiple breaches of duty committed by DEFENDANTS, said DEFENDANTS have waived, or

3  estopped and have otherwise forfeited any right to assert a lack of coverage under the

5  Homeowners Policy Agreement for the claims prosecuted in the Underlying Action.

6       37.    PLAINTIFFS are informed and believe, and thereupon allege, that DEFENDANT,

7  DOES 1 through 50, and each of them, intentionally engaged in the above-described conduct in

8  an effort to oppress PLAINTIFF, dissuade it from pursuing its contractual policy benefits and

9  refusing to pay the policy benefits, to maximize its own profits at PLAINTIFF'S tremendous

10  expense. Said conduct was done pursuant to a company-wide de facto policy to intentionally and

11  willfully vex, annoy, intimidate, injure and harass PLAINTIFF and other similarly situated

12  claimants. Said DEFENDANT engaged in this type of practice in order to discourage claims and

13  maximize profits on the theory that, among other things, if an insurer denies most of the claims

14  presented to it, the majority of insureds will abandon their claims after the denial, rather than take

15  on the prospect of litigating against a multimillion-dollar insurer. Therefore, in doing the acts

16  alleged herein, DEFENDANT'S conduct was fraudulent, oppressive, malicious and in violation

17  of California under Civil Code 3294 in that its conduct was intended to cause, and did cause,

18  injury to the PLAINTIFF and was done in conscious disregard of his rights, thereby warranting

19  the assessment of punitive damages against DEFENDANT in an amount appropriate to punish it

20  and set an example for others.

21       38.    All of the foregoing conduct was approved, authorized and/or ratified by

22  DEFENDANTS' management level employees.

23       39.    As a direct and legal result of the above-described conduct, Plaintiff is entitled to

24  recover the following damages:

25            a.    The policy benefits wrongfully withheld and otherwise denied by

26  DEFENDANT;

27            b.    Reasonable attorneys' fees and costs incurred by PLAINTIFF in obtaining

28  its contractual benefits;

9

**COMPLAINT FOR DAMAGES**

1         c.     All damages proximately caused by DEFENDANT'S conduct; and

2         d.     Punitive damages sufficient to punish DEFENDANT for its wrongful

3 conduct and deter it from engaging in such conduct in the future.

5                                 **THIRD CAUSE OF ACTION**

6              **VIOLATIONS OF CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.***

7                              **(Against All Defendants)**

8        40.     PLAINTIFF re-alleges and incorporates by reference all the preceding paragraphs

9 as though set forth in full herein.

10       41.     California's Unfair Competition Law, as codified by California Business &

11 Professions Code sections 17200, *et seq.*, protects both consumers and competitors by promoting

12 fair competition in commercial markets for goods and services. California's Unfair Competition

13 Law is interpreted broadly and provides a cause of action for any unlawful, unfair, or fraudulent

14 business act or practice. Any unlawful, unfair, or fraudulent business practice that causes injury

15 to consumers falls within the scope of California's Unfair Competition Law.

16       42.     DEFENDANT'S acts and practices, as described herein, constitute unlawful or

17 unfair business practices against PLAINTIFF in violation of California Business and Professions

18 Code section 17200, *et seq.*

19       43.     These acts include, but are not limited to, charging PLAINTIFF premiums in

20 exchange for purported coverage for losses caused by damage to his property without any

21 intention of satisfying those claims in the event of a covered loss.

22       44.     Any claimed justification for DEFENDANT'S conduct is outweighed by the

23 gravity of the consequences to PLAINTIFF. DEFENDANT'S acts and practices are immoral,

24 unethical, oppressive, unconscionable, or substantially injurious to PLAINTIFF and/or tend to

25 deceive PLAINTIFF.

26       45.     By reason of DEFENDANT'S fraudulent, deceptive, unfair, and other wrongful

27 conduct as alleged herein, DEFENDANT violated California Business and Professions Code

28 sections 17200, *et seq.*, by consummating an unlawful, unfair, and fraudulent business practice,

COMPLAINT FOR DAMAGES

designed to deprive PLAINTIFF of the benefits of DEFENDANT'S services.

46.     DEFENDANT perpetrated these acts and practices against PLAINTIFF, and as a direct and proximate result of the foregoing, PLAINTIFF has suffered and continues to suffer damages in a sum which is, as of yet, unascertained.  Pursuant to California Business and Professions Code section 17203, PLAINTIFF is entitled to restitution of all the money paid to DEFENDANT for retaining benefits that were due and owing to PLAINTIFF (with interest thereon), to disgorgement of all DEFENDANT'S profits arising out of their unlawful conduct (with interest thereon), and to be paid benefits due to PLAINTIFF under the contracts that DEFENDANT wrongfully retained by means of its unlawful business practices.

47.     Pursuant to California Code of Civil Procedure section 1021.5, PLAINTIFF is entitled to recover his reasonable attorney's fees in connection with DEFENDANT'S unfair competition claims, the substantial benefit doctrine, and/or the common fund doctrine.

### FOURTH CAUSE OF ACTION

### UNJUST ENRICHMENT

### (Against All Defendants)

48.     PLAINTIFF re-alleges and incorporates by reference all the preceding paragraphs as though set forth in full herein.

49.     A party cannot induce, accept or encourage another to furnish or render something of value to such party and avoid payment for the value received.

50.     As a result of the conduct describe above, DEFENDANTS have been, and will continue to be, unjustly enriched at the expense of PLAINTIFFS.

51.     DEFENDANTS have received, and are holding, funds belonging to PLAINTIFFS which in equity DEFENDANTS should not be permitted to keep but should be required to refund to PLAINTIFFS.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS as follows:

1.     For general damages according to proof, however, no less than $500,000.00;

2.    For special damages and consequential damages according to proof, however, no less than $500,000.00;

3.    For any and all equitable relief according to proof;

4.    For punitive damages in amounts according to proof, but no less than $1,000.000.00;

5.    For civil penalties as provided by law;

6.    For attorneys' fees as provided by law;

7.    For cost of suit incurred herein;

8.    For prejudgment, post-judgment and other interest as provided by law; and

9.    For such other and further relief as the Court deems fair and just.

Dated: March 13, 2023                         **MARTIROSYAN P.C.**

By: _____
                                              Edgar Martirosyan, Esq.
                                              Melkon Torosyan, Esq.
                                              *Attorneys for Plaintiffs,*
                                              Shawn Tatevosian

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: March 13, 2023                         **MARTIROSYAN P.C.**

By: _____
                                              Edgar Martirosyan, Esq.
                                              Melkon Torosyan, Esq.
                                              *Attorneys for Plaintiffs,*
                                              Shawn Tatevosian

Electronically FILED by Superior Court of California, County of Los Angeles on 03/15/2023 04:43 PM David W. Slayton, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* 23STCV05787<br>Edgar Martirosyan, Esq (SBN 260250); MARTIROSYAN P.C<br>601 S. Glenoaks Blvd., Suite 201, Burbank, CA 91502<br><br>TELEPHONE NO.: (818) 528-8700      FAX NO. *(Optional):* (818) 528-8704<br>E-MAIL ADDRESS: em@mpclegal.com<br>ATTORNEY FOR *(Name):* Plaintiff, Shawn Tatevosian | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES<br>STREET ADDRESS: 111 North Hill St.,<br>MAILING ADDRESS: 111 North Hill St.,<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk Courthouse |

| |
|---|
| CASE NAME:<br>Shawn Tatevosian v. State Farm General Insurance Company |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 23STCV05787 |
| | | | JUDGE: | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [x] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 15, 2023
Edgar Martirosyan, Esq.                                    ▶ /s/ Edgar Martirosyan
_____                          _____
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Shawn Tatevosian v. State Farm General Insurance Company | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE<br>Shawn Tatevosian v. State Farm General Insurance Company | | CASE NUMBER | |
|---|---|---|---|

| **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06)<br>(not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☑ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3
For Mandatory Use                 **AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Shawn Tatevosian v. State Farm General Insurance Company | |

| A<br>Civil Case Cover<br>Sheet Case Type | | B<br>Type of Action<br>(Check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract**<br>(Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>              Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| | | |
|---|---|---|
| LASC CIV 109 Rev. 01/23 | **CIVIL CASE COVER SHEET ADDENDUM** | LASC Local Rule 2.3 |
| For Mandatory Use | **AND STATEMENT OF LOCATION** | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Shawn Tatevosian v. State Farm General Insurance Company | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(Check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Shawn Tatevosian v. State Farm General Insurance Company | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 11224 Dona Lola Dr. | |
|---|---|---|
| CITY: Studio City | STATE: CA | ZIP CODE: 91604 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 03/15/2023 _____

_____  /s/ Edgar Martirosyan

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/15/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ N. Alvarez _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>23STCV05787 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Theresa M. Traber | 47 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record   David W. Slayton, Executive Officer / Clerk of Court

on 03/16/2023
(Date)

By N. Alvarez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆**Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                   FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                  (INSERT DATE)                               (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____      ➤  _____
         (TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)
Date:

_____      ➤  _____
         (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)
Date:

_____      ➤  _____
         (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)
Date:

_____      ➤  _____
         (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)
Date:

_____      ➤  _____
         (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)
Date:

_____      ➤  _____
         (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)
Date:

_____      ➤  _____
         (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.  Be filed within two (2) court days of receipt of the Request; and

    iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)



| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)



| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____
    (TYPE OR PRINT NAME)

➢ _____
    (ATTORNEY FOR PLAINTIFF)

Date: _____
    (TYPE OR PRINT NAME)

➢ _____
    (ATTORNEY FOR DEFENDANT)

Date: _____
    (TYPE OR PRINT NAME)

➢ _____
    (ATTORNEY FOR DEFENDANT)

Date: _____
    (TYPE OR PRINT NAME)

➢ _____
    (ATTORNEY FOR DEFENDANT)

Date: _____
    (TYPE OR PRINT NAME)

➢ _____
    (ATTORNEY FOR _____)

Date: _____
    (TYPE OR PRINT NAME)

➢ _____
    (ATTORNEY FOR _____)

Date: _____
    (TYPE OR PRINT NAME)

➢ _____
    (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
    JUDICIAL OFFICER



Print    Save    Clear

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| General Order Re | ) | ORDER PURSUANT TO CCP 1054(a), |
|---|---|---|
| Use of Voluntary Efficient Litigation | ) | EXTENDING TIME TO RESPOND BY |
| Stipulations | ) | 30 DAYS WHEN PARTIES AGREE |
| | ) | TO EARLY ORGANIZATIONAL |
| | ) | MEETING STIPULATION |
| | ) | |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1    by Code of Civil Procedure section 1054(a) without further need of a specific court

2    order.

3

4    DATED: *May 11, 2011*

5                                              Carolyn B. Kuhl, Supervising Judge of the
6                                              Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)